# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                  No. CR 06-537 JB

JOSE CRUZ RODRIGUEZ-RODRIGUEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to United States' Proposed Voir Dire and Defendant's Proposed Voir Dire, filed April 6, 2007 (Doc. 83)("Defendant's Objections"). The Court heard argument on these objections at the trial in this case on April 9, 2007. The primary issues are: (i) whether the Court should sustain Defendant Jose Cruz Rodriguez-Rodriguez' objections to the United States' proposed voir dire questions Nos. 31 and 34; and (ii) whether the Court will permit Rodriguez-Rodriguez to ask an additional voir dire question that he proposes. Because the Court believes that the United States is entitled to word its question No. 31 in the manner it chooses, but that a portion of its question No. 34 potentially opens the door to impermissible discussions of sentencing during voir dire, the Court will sustain Rodriguez-Rodriguez' objections in part and overrule them in part. Because the question Rodriguez-Rodriguez proposes involves an appropriate area of inquiry during voir dire, the Court will permit Rodriguez-Rodriguez to ask the question he proposes.

Rodriguez-Rodriguez requests, pursuant to rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include certain questions in its examination of prospective jurors. See

Defendant's Objections at 1. Rodriguez-Rodriguez requests that the Court allow his counsel to pursue more detailed questioning if further inquiry is appropriate, see Fed. R. Crim P. 24(a)(2)(A), and, if desirable, to conclude with an inquiry whether the particular fact or circumstance would influence a juror in favor or against either the United States or Rodriguez-Rodriguez, see Defendant's Objections at 1.

### 1. Objection to the United States' Proposed Voir Dire No. 31.

Rodriguez-Rodriguez objects to the United States' Proposed Voir Dire No. 31. That proposed question states: "If the United States met its burden of proof, would any of you have any problems holding the defendant responsible for his actions, that is finding him guilty?" United States' Proposed Voir Dire, No. 31, at 6, filed April 3, 2007 (Doc. 80)("United States' Proposed Voir Dire"). Rodriguez-Rodriguez contends that, if the question is asked, he believes it should be stated as follows: "31. If the United States met its burden of proof, would any of you have a problem finding the defendant guilty?" Defendant's Objections at 1.

The Court will overrule the objection. The questions are not substantially different. The United States can word the inquiry either way, and it is acceptable. The Court does not see a prejudice in the United States' proposed wording. Absent such a showing, the United States is entitled to word its question as it wishes.

### 2. Objection to the United States' Proposed Voir Dire No. 34.

The United States' proposed voir dire question No. 34 reads:

> Will each of you accept the idea that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty? Would the possibility that a defendant might spend time in prison make you even a little less likely or a little more likely to influence your deliberations?

United States' Proposed Voir Dire, No. 34, at 7.  Rodriguez-Rodriguez objects to the question's second sentence and asserts that, if the question is asked as stated, he believes that the door has been opened for him to voir dire about the probable guideline sentence for the offenses charged.  See Defendant's Objections at 1.

The Court shares Rodriguez-Rodriguez' concern about discussing sentencing in voir dire. On the other hand, the Court acknowledges that the United States' concern about jurors considering sentencing during deliberations is legitimate.  While the Court and the parties are entitled to make certain that the jurors do not improperly consider potential sentences, conducting voir dire into sentencing issues is a delicate enterprise.

The Court believes that the following language represents an appropriate statement and question:

> At the end of the presentation of evidence, the Court will instruct you: "If you find Mr. Rodriguez-Rodriguez guilty, it will be [the Court's] duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict."  Is there anybody here that will not be able to follow the Court's instruction and not discuss or consider the possible punishment in any way while deciding your verdict?

This proposed language tracks Instruction No. 17 of the Court's Final Jury Instructions.  Moreover, during the April 9, 2007 discussion of these objections before the trial in this case, Rodriguez-Rodriguez' counsel indicated that this proposed wording was acceptable.  See Transcript of Trial at 5:4-6 (Wright)(taken April 9, 2006)("Transcript").[1]  In sum, the Court will sustain Rodriguez-Rodriguez' objection to the second sentence of the United States' proposed voir dire question No. 34; if the United States wishes to question members of the venire regarding sentencing issues, it must

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

use the language the Court has provided.

### 3. Rodriguez-Rodriguez' Proposed Voir Dire Question.

Rodriguez-Rodriguez proposes the following additional voir dire question: "In a criminal case, a man has no obligation at all to prove himself not guilty. If the United States does not meet its burden of proof, which is beyond a reasonable doubt, would any of you have any problem finding the defendant not guilty[?]" Defendant's Objections at 2. The United States has not submitted any objection to this proposed question, and during the April 9, 2007 discussion of these objections before the trial in this case, stated it did not object to the question. See Transcript at 4:6-10 (Wormuth). Because the Court determines that Rodriguez-Rodriguez' proposed question is an appropriate question aimed at determining if members of the venire can act as fair and impartial jurors in this case, and because the Court believes that Rodriguez-Rodriguez is entitled to word his appropriate voir dire questions in the manner of his choosing, the Court will permit Rodriguez-Rodriguez' counsel to ask the question he proposes.

**IT IS ORDERED** that Rodriguez-Rodriguez' objections to the United States' proposed voir dire questions Nos. 31 and 34 are overruled in part and sustained in part. The Court will allow Rodriguez-Rodriguez to ask the additional voir dire question he proposes.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Albuquerque, New Mexico

-- and --

Gregory B. Wormuth
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Thomas L. Wright
El Paso, Texas

    *Attorney for the Defendant*